■ THOMAS A. MACE et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claim No. 30744.)— Claimants appeal from a judgment of the Court of Claims entered on March 9, 1953, which dismissed their claim. The claim is for personal injuries suffered by the claimant wife and claimant husband's derivative claim arising therefrom, resulting from the alleged negligence of the State in the construction and maintenance of a housing project owned and operated by the State. Claimants were tenants in an apartment in the project and claimant Bernadine E. Mace testified that at a point about 12 feet from the front door of her apartment she stepped in a hole which she described as being from six to eight inches deep and about a foot wide, causing her to fall and sustain injuries. It is conceded that the State was not only the landlord of the claimants, but that the State was in control of the street in front of the premises. There was a temporary sidewalk of asphalt material in front of the building and an uncovered strip between the sidewalk and the street. The street had no curbing, and the evidence in the case was that vehicles drove at will over the area adjacent to the sidewalk, causing ruts and holes. There is evidence that the particular hole into which Mrs. Mace stepped had been present for a considerable period of time, and that the managing agent of the State maintained an office within 200 yards of claimant's apartment. At the close of claimants' evidence the State made a motion for a dismissal of the claim for failure of proof. The State offered no evidence and did not at any time rest its case. The motion was granted from the bench. It is the contention of the State that the court made a factual determination and that the judgment is on the merits, as it recites. If it could be deemed as a decision on the merits the matter would have to be remitted in any event, because no findings of fact were made and the

record contains no decision stating the facts which the trial court deemed essential sufficient to comply with section 440 of the Civil Practice Act. However, as a procedural matter we think, in the state of the record above described, this dismissal must be given the same status as a nonsuit, and must be treated as a dismissal upon the law. Giving to the claimants, as we must, the advantage of every inference that can be properly drawn from the facts presented, the record presents an issue of fact and establishes a prima facie case. Moreover, it was conceded by the State upon argument of this appeal that the judgment cannot be sustained if the dismissal be deemed to have been made on the law. Judgment reversed on the law and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.